UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN M. CASEY,

     Petitioner,

v.                          Case No.:  2:25-cv-597-SPC-NPM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____/

## OPINION AND ORDER

Before the Court is Brian M. Casey's Motion for Rehearing (Doc. 7). Casey is a prisoner of the State of Florida.  He is serving two sentences from separate convictions in the Lee County Circuit Court—a life sentence for second degree murder and arson, and a 14-year sentence for manslaughter. Casey commenced this action by filing a petition for habeas corpus under 28 U.S.C. § 2254.   The Court dismissed the petition as successive and unauthorized because Casey was denied habeas relief in *Casey v. Sec'y, Dep't of Corr.*, 2:15-cv-696-JLB-KCD.  But as Casey points out, that prior habeas action challenged the murder and arson conviction, while the petition filed in this action challenges the manslaughter conviction.

Casey did file a prior habeas challenge to the manslaughter conviction in *Casey v. Sec'y, Dep't of Corr.*, Case No. 2:16-cv-821-JES-KCD.  It was

dismissed without prejudice at Casey's request. The Eleventh Circuit found Casey did not need permission to file a new habeas petition challenging the manslaughter conviction because his first was not litigated to a conclusion. *See In re Casey*, Case No. 24-12544 (11th Cir. August 16, 2024). Accordingly, the Court will grant Casey's Motion for Rehearing.

The Court turns to the content of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 2254 Rule 4. According to the petition and state court records, Casey was convicted of manslaughter on September 7, 2012, and he voluntarily dismissed his direct appeal on July 17, 2014.[1] His appeal became final on October 15, 2024. *See Chapman v. McNeil*, No. 3:08-cv-5-LAC-EMT, 2018 WL 2225659, at *3 (N.D. Fla. May 28, 2008). Casey peppered the state courts with unsuccessful post-conviction filings. None of them remained pending beyond July 2016.

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets a one-year limitation period for habeas claims. 28 U.S.C. § 2244. A properly filed post-conviction motion tolls the limitations period while it is pending. As

---

[1] The Court takes judicial notice of the state court dockets for 20th Judicial Circuit Court in and of Lee County, Florida Case No. 10-CF-19945 and the 2nd District Court of Appeal of Florida Case Nos. 2012-4928 and 2016-2077.

Judge John Steele found in Casey's prior habeas action, the AEDPA limitations period for Casey's manslaughter conviction expired on July 7, 2017. *Casey v. Sec'y, DOC*, No. 2:16-cv-821-JES-KCD (M.D. Fla. Mar. 18, 2022). It appears Casey filed this action about eight years too late. Section 2254 Rule 4 requires the Court to dismiss the petition if Casey fails to show why his petition is timely after notice and an opportunity to respond. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020).

Accordingly, it is now **ORDERED**

1. Casey's Motion for Rehearing (Doc. 7) is **GRANTED**. The Clerk is **DIRECTED** to set aside the judgment (Doc. 5) and reopen this case.

2. Casey must show cause by **September 2, 2025**, why his petition should not be dismissed as untimely.

3. The Clerk is **DIRECTED** to electronically send a copy of this Order and the Petition, with exhibits, to the respondent and the Attorney General of the State of Florida. Respondent may, but is not required to, file a paper stating its position on the timeliness of Casey's petition by **September 2, 2025**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 6, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3